RECEIVED IN ALEXANDRIA, LA
DEC 1 5 2010
TONY R. MOORE, CLERK
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KRYSTAL GREEN, ET AL.** | *CIVIL NO. 2: 10-0364 |
| **VERSUS** | *JUDGE TRIMBLE |
| **PLANTATION OF LOUISIANA, LLC., ET AL.** | *MAGISTRATE JUDGE HILL |

## JUDGMENT

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record, determining that the findings are correct under the applicable law, and considering the objections to the Report and Recommendation;

**IT IS ORDERED** that the plaintiffs' Motion to Certify a Collective Action Pursuant to § 216(b) of the Fair Labor Standards Act, and to Approve a Proposed Notification to all Putative Collection Action Class Members is **GRANTED in part and DENIED in part.** Accordingly, a class consisting of exotic dancers is conditionally certified. The plaintiffs' right to request conditional certification of other classes of employees holding other positions after preliminary discovery and further clarification of the pleadings is reserved.

The court notes defendants' objections to the Magistrate's Report and Recommendation regarding the allegation that not all exotic dancers have claims against all of the defendants. However, the court's only task at this stage of the proceedings is to determine whether plaintiffs are similarly situated to potential class members. The query into whether the representative plaintiff has claims against some but not all of the named defendants is a merits-based argument

and "not appropriately considered during the notice state of a collective action."[1] Accordingly, defendants may properly raise the issue in a subsequent motion to decertify or in a motion for summary judgment when the record is more fully developed and the court may properly analyze the issue.[2]

Defendants also object to certification because certain employees signed arbitration agreements prohibiting them from joining an FLSA collective action suit.[3] Defendants argue that notice to this group of employees would be improper since the arbitration policy bars them from opting in on this suit. For the same reasons given above, the court refuses to consider a merits-based argument until discovery is complete.[4] The court will make the determination at the conclusion of discovery when it may properly analyze the validity of the arbitration agreement(s).

Signed this 15th day of December, 2010, in chambers at Lake Charles, Louisiana.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Morales Thang Hung Corp., 2009 WL 2524601. At *3 (S.D.Tex.2009) citing Villatoro v. Kim Son Rest., 286 F.Supp.2d 807, 811 (S.D.Tex.2005).

[2] Pedigo v. 3003 South Lamar, LLP, 666 F.Supp.2d 693, 2009 WL 3496038, at *5 (W.D.Tex.2009); Clarke v. Convergys Customer Mgmt. Group, 370 F.Supp.2d 601, 607 (S.D.Tex.2005)(noting that fact issues raised by defendant are "of the sort that are appropriate for consideration during the second-stage analysis, and not during the initial 'notice' stage").

[3] Defendants' response to Plaintiffs' Class Notice and Expedited Discovery, pp. 7, 15-18.

[4] See Kuperman v. ICF Int'l., 2008 WL 4809167, at *8 (E.D.La.2008)(refusing to consider at the notice stage, the question of whether some potential opt-in plaintiffs properly waived their right to sue.