RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/29/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KRYSTAL GREEN, ET AL | : | DOCKET NO. 10-364 |
| VS. | : | JUDGE TRIMBLE |
| THE PLANTATION OF LOUISIANA, LLC, ET AL | : | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING AND ORDER

Before the court is "Defendants' Objections to the Magistrate's February 14, 2011 Order Dismissing Defendants' Motion for Summary Judgment and Granting Plaintiffs' Motion Pursuant to Rule 56(D)" (R.#80). Defendants, Jerry Golding and Golding Enterprises object to Magistrate Judge Hill's Order granting plaintiffs' Rule 56(d) motion to extend the deadline to respond to the motion for summary judgment filed by defendants.[1] Specifically, defendants complain that the Magistrate Judge erred in granting the motion and/or erred by not placing a time limit on discovery. Defendants also complain that the Magistrate Judge granted the motion before allowing them to respond. Defendants maintain that had they been allowed to respond to the motion, they would have, at a minimum, sought a time frame for discovery to proceed on the issues raised in their motion.

On January 20, 2011, defendants Jerry Golding, and Golding Enterprises, LLC filed a motion for summary judgment or partial summary judgment.[2] In that motion, defendants sought to be

---

[1] R. #73.

[2] R. #59.

dismissed because (1) neither defendant is an "employer" as defined by the Fair Labor Standards Act ("FLSA"), (2) they hold no ownership interest in The Plantation, LLC or any of its members, (3) they do not create or implement policies regarding classification of workers at The Plantation, and (4) they have no power to hire and fire the employees, supervise or control work schedules or conditions of employment, or determine the rate and method of payment. Alternatively, defendants maintained that they could not be liable to any plaintiff of the class for any past due or unpaid wages prior to July 2009.[3]

On February 9, 2011, plaintiffs filed a motion for an extension of time pursuant to Rule 56(d) of the Federal Rules of Civil Procedure to respond to the motion for summary judgment.[4] In that motion, plaintiffs maintained that they had been unable to conduct any discovery regarding Golding and Golding Enterprise's involvement; plaintiffs sought to have the motion for summary judgment denied as premature. On February 14, 2011, prior to any response being filed by defendants to the motion for extension of time, the Magistrate Judge granted plaintiffs' motion, denied the motion for summary judgment as premature, and noted that defendants would be allowed to re-file their motion once the plaintiffs have had sufficient opportunity to conduct discovery on the issue.

Defendants first take issue with the fact that they even though the Local Rules allow 21 days to respond to plaintiffs' motion for extension of time, the court issued the order five days after the

---

[3] In July 2009, the sole member of The Plantation (Al DiCicco, Jr.) sold 50% of its membership interest to Jechake, LLC. Defendants, Golding and Golding Enterprises have no interest in Jechake or The Plantation, however, after obtaining its interest in The Plantation, Jechake contracted with Golding Enterprises for accounting, payroll and consulting services.

[4] R. #68.

2

motion was filed without defendants' opposition/response. Defendants complain that now plaintiffs will be allowed to conduct extensive, unlimited discovery on all issues in the case while forcing defendants to incur legal fees defending discovery and the multitude of other motions plaintiffs have filed.

With respect to the continuance and Rule 56(d), defendants maintain that the continuance had to include an affidavit which sets forth a factual basis and sufficient reasons in support of its assertion that it cannot present factual information that is crucial to its opposition to the motion for summary judgment.[5] Defendants remark that the burden is on the plaintiffs to illustrate that a continuance is warranted.

Conceding that plaintiffs did submit an affidavit with their motion, defendants take issue with the content of the affidavit, arguing that it does not explain how or why it is believed Golding or Golding Enterprises was an "employer" and what facts would be sought to prove this allegation.

Plaintiffs note that formal discovery has not commenced in the case even though they have propounded extensive discovery as to these defendants, including requests for depositions of managers and a Rule 30(b)(6) deposition to discover facts relative to control and ownership of all defendants. Defendants have not responded to any discovery or requests for depositions. Plaintiffs remark that the hidden purpose of defendants' motion for summary judgment was to create a Rule 26 Discovery Plan, which plaintiffs have no objection to.

Rule 56(d) of the Federal Rules of Civil Procedure provides as follows:

**When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

---

[5] Citing Raby v. Livingston, 600 F.3d 552, 561 (5th Cir. Tex. 2010).

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

The undersigned feels that the Magistrate Judge was well within his rights under Rule 56(d) to not rule on the merits of the motion for summary judgment until plaintiffs conduct the necessary and relevant discovery. Furthermore, he had the authority to permit plaintiffs to conduct necessary discovery. The motion for extension of time was an ex parte motion which gave the Magistrate the discretion to grant the extension; the undersigned would have ruled on the motion in the same manner. However, it is perfectly appropriate to set limits on discovery, but a request for such limits should be directed to the Magistrate Judge to set the limits as to time and substantive matters in order to complete the discovery relevant to the motion for summary judgment. In light of the ignored discovery attempts, plaintiffs should file a motion to compel as provided by the appropriate rules for discovery. Accordingly, the undersigned hereby affirms the ruling of the Magistrate Judge denying the motion for summary judgment as premature and granting the motion for extension of time to complete discovery as to the issues in the motion for summary judgment.

**SO ORDERED.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 29th day of April, 2011.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

4