UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

KRYSTAL GREEN, ET AL.         *CIVIL NO. 2: 10-0364

VERSUS               *JUDGE TRIMBLE

PLANTATION OF LOUISIANA, LLC., ET AL.   *MAGISTRATE JUDGE HILL

## REPORT AND RECOMMENDATION

  Before the court for Report and Recommendation is the defendants' Motion to Dismiss plaintiffs who have failed to respond fully to discovery [rec. doc. 149]. By this Motion, the defendants seek an Order of this Court dismissing, with prejudice, the claims of all plaintiffs who have failed to comply with this Court's May 29, 2012 discovery Order pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). The plaintiffs have filed Opposition, to which the defendants have filed a Reply. [rec. docs. 151 and 153]. The plaintiffs have also filed a Supplemental Opposition to which the defendants have filed a Sur-Reply. [rec. docs. 157 and 158]. The Motion has been referred to the undersigned for disposition. [*See* rec. doc. 152]. Thereafter, the parties were notified that the Motion will be considered without oral argument. [rec. doc. 154]

  For the following reasons, it is recommended that the defendants' Motion to Dismiss be **GRANTED in part and DENIED in part.**

## BACKGROUND

  On May 7, 2012, the defendants filed a Motion to Compel Discovery. [rec. doc. 143]. By Order dated May 29, 2012, the Court granted the Motion and, accordingly, ordered plaintiffs Megan Beard, Danielle Billiot, Rachel Boudin, Kansas Bradshaw, Shantaya

Carmouche, Jessica Chambers, Amber Cormier, Mary Ann Girgis, Tiffany Hinch, Erica Kershaw, Tina Laughlin, Tasha Lejeune, Michelle LeQueux, Sara Manuel, Rebecca McKinney, Ryneadra Merrick, Ebony Murreld, Shylah Shewmake, Jennifer Sonnier, Ashley Spell and Lyndsey Wolfe, to provide responses to Golding Enterprises' First Combined Set of Interrogatories and Requests for Production of Documents, ("Golding's discovery requests" – exhibit B to the instant Motion), and ordered plaintiffs Kathleen Becker, Ashley Broussard, Tanya Currier, Crystal Green, Mysti Harrison, Veronica Holland, Ashley Kibler, Christine Killinger, Florita Lee, Rachel Matt, Leslee Smith, Chelle Camp Warrick, Autumn Whatley, Sara White and Latonya Waters to provide responses to Golding's discovery requests (exhibit B to the instant Motion) and the Plantation of Louisiana LLC's First Combined Set of Interrogatories and Requests for Production of Documents, ("Plantation's discovery requests" – exhibit A to the instant Motion).  These discovery responses were due on or before June 13, 2012.  These plaintiffs were expressly warned that their failure to respond fully to the outstanding discovery could result in the Court dismissing their Complaints. [rec. doc. 147].

The defendants allege that the following plaintiffs have failed to comply with this Court's Order as follows.

Megan Beard, Danielle Billiot, Jessica Chambers, Amber Cormier, Erica Kershaw, Rebecca McKinney, Ryneadra Merrick, Shylah Shewmake, Jennifer Sonnier, Lyndsey Wolfe, Mary Ann Girgis, Tiffany Hinch, and  Ebony Murreld  have failed to provide responses to Golding's discovery requests.

Kathleen Becker, Ashley Broussard, Tanya Currier, Crystal Green, Mysti Harrison, Veronica Holland, Christine Killinger, Florita Lee, Rachel Matt, Leslee Smith, Chelle Camp Warrick, Autumn Whatley, Sara White and Latonya Waters have failed to provide responses to either the Plantation's or Golding's discovery requests.

By letter dated August 15, 2012, attached hereto as Court Exhibit 1, plaintiffs' counsel submitted the discovery responses of Mary Ann Girgis, Tiffany Hinch and Shylah Shewmake to Golding's discovery requests.  Moreover, by Supplemental Opposition, the plaintiffs have demonstrated that Ebony Murreld submitted responses to Golding's discovery requests on January 31, 2012. [rec. doc. 157-1].  Accordingly, by Sur-Reply the defendants have acknowledged that Ebony Murreld has complied with her discovery obligations. [rec. doc. 158, pg. 2].

By separate Report and Recommendation, the undersigned has recommended that, pursuant to agreements signed in May 2010, Florita Lee, Megan Beard, Autumn Whatley, Christine Killinger and Latonya Waters be ordered to arbitrate their claims against the defendants.

## LAW AND ANALYSIS

Fed. R. Civ. P. 37(b)(2) authorizes a district court "to dismiss a complaint with prejudice when a party refuses to obey a valid discovery order." *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir.1985).[1]

---

[1] Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides for sanctions against a party who fails to obey a discovery order as follows:
   If a party or a party's officer, director, or managing agent--or a witness designated under

The Fifth Circuit has set forth four factors to determine whether dismissal of a Complaint with prejudice for failure to comply with discovery order is justified: (1) whether the failure to comply with the court's order results from wilfulness or bad faith, and not from the inability to comply; (2) whether the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions; (3) whether the other party's preparation for trial was substantially prejudiced; and (4) whether the neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders. *Id.*

With respect to the claims of Kathleen Becker, Ashley Broussard, Tanya Currier, Crystal Green, Mysti Harrison, Veronica Holland, Rachel Matt, Leslee Smith, Chelle Camp Warrick, Sara White, Danielle Billiot, Jessica Chambers, Amber Cormier, Erica Kershaw, Rebecca McKinney, Ryneadra Merrick, Jennifer Sonnier, and Lyndsey Wolfe, the above factors justify dismissal with prejudice under Fed. R. Civ. P. 37(b)(2)(A)(v) for failing to obey this Court's discovery Order.

---

    Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
        (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
        (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
        (iii) striking pleadings in whole or in part;
        (iv) staying further proceedings until the order is obeyed;
        (v) dismissing the action or proceeding in whole or in part;
        (vi) rendering a default judgment against the disobedient party; or
        (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Here, each of the plaintiffs named in the Motion to Dismiss joined as plaintiffs or voluntarily opted-in, in writing, to participate in this FLSA action. However, since that time, well over one year ago, these plaintiffs have failed to apprise their attorney of their current contact information. Thus, it has been impossible for their counsel to ensure their compliance with this Court's discovery Order.

Under these circumstances, the Court cannot conclude that their failure to comply with this Court's discovery Order was due to anything other than their own willful failure or bad faith to hamper or impede the timely progression of this case by essentially disappearing.[2] Under similar circumstances, Magistrate Judge Hayes of this Court has drawn the same conclusion. *United States v. Smith*, 2009 WL 144904 (W.D. La. 2009). Furthermore, given that the plaintiffs have disappeared without providing any contact information to their attorney, the failure to provide discovery responses cannot be attributed to their attorney, simple negligence or any confusion or sincere misunderstanding of this Court's orders. Accordingly, the first and fourth factor weighs in favor of dismissal with prejudice.

The third factor, substantial prejudice to the defendant, likewise weighs in favor of dismissal with prejudice. This case has been pending for over two and one-half years, and the case in now in a position for determination of whether this action should proceed as a class action.[3] Accordingly, the plaintiffs' Motion to Certify a Class Action under Fed. R. Civ. P. 23

---

[2] Or perhaps their decision to no longer participate.

[3] This Court has already conditionally certified this case as a collective action under the FLSA. [*See* rec. doc. 52].

has been filed. [rec. doc. 133]. The Motion is set for consideration with oral argument on October 31, 2012. [rec. doc. 137]. If this Court does not dismiss these plaintiffs at this time, the defendants will be substantially prejudiced, as their inclusion will affect this Court's determination of the numerosity requirement for class certification.

Furthermore, there is no indication that these plaintiffs will reappear if this Court delays ruling as requested by the plaintiffs. To the contrary, taking that course of action would only result in further prejudice to the defendant, by allowing these absent plaintiffs to be included in the Court's numerosity analysis, only to be dismissed from this litigation thereafter for their continued absence.

Finally, the second factor, whether the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions, weighs in favor of dismissal. The Court has considered the alternative sanctions listed in Rule 37(b)(2)(A). However, none of these sanctions will substantially achieve the deterrent value contemplated by the Rule. Moreover, neither of the parties has suggested a viable alternative action, and the Court can think of none. Indeed, the Court cannot envision any remedy other than dismissal with prejudice to redress the plaintiffs' conduct, which will also allow this complex case to move forward in a timely and orderly fashion.

For these reasons, the claims of Kathleen Becker, Ashley Broussard, Tanya Currier, Crystal Green, Mysti Harrison, Veronica Holland, Rachel Matt, Leslee Smith, Chelle Camp Warrick, Sara White, Danielle Billiot, Jessica Chambers, Amber Cormier, Erica Kershaw,

Rebecca McKinney, Ryneadra Merrick, Jennifer Sonnier, and Lyndsey Wolfe should be dismissed with prejudice.

On the other hand, Florita Lee, Megan Beard, Autumn Whatley, Christine Killinger and Latonya Waters signed arbitration agreements in May 2010. Accordingly, this Court has recommended that their claims should be determined by an arbitrator. The Court therefore finds that the deterrent value of Rule 37 can be substantially achieved by the less drastic sanction of dismissal without prejudice. Given that the rules of discovery during arbitration may vary from the rules of this Court, it would be inherently unfair for this Court to dismiss their claims with prejudice for violation of a discovery order under this Court's rules, thereby precluding adjudication of their claims before the proper tribunal. Further, given that these plaintiffs will no longer be before this Court, they necessarily will not be included in this Court's numerosity determination. Accordingly, the defendants will suffer no prejudice by this Court's failure to dismiss their claims with prejudice.

By Sur-Reply the defendants have acknowledged that Ebony Murreld has timely complied with her discovery obligations. Accordingly, she has not disobeyed this Court's discovery Order. Dismissal with prejudice is therefore not warranted.

Finally, the record reveals that Mary Ann Girgis, Tiffany Hinch and Shylah Shewmake have now responded to Golding's discovery requests. Accordingly, dismissal of their claims with prejudice is too harsh a sanction. The better course is to allow the claims of these plaintiffs to proceed, with the admonition that any future failures to comply with Orders of this

Court will result in dismissal.

## CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the defendants' Motion to Dismiss [rec. doc. 149] be **GRANTED in part and DENIED in part.**  Accordingly;

 **IT IS RECOMMENDED** that the claims of Kathleen Becker, Ashley Broussard, Tanya Currier, Crystal Green, Mysti Harrison, Veronica Holland, Rachel Matt, Leslee Smith, Chelle Camp Warrick, Sara White, Danielle Billiot, Jessica Chambers, Amber Cormier, Erica Kershaw, Rebecca McKinney, Ryneadra Merrick, Jennifer Sonnier, and Lyndsey Wolfe should be **dismissed with prejudice** for failing to obey this Court's May 29, 2012 discovery Order. Fed. R. Civ. P. 37(b)(2)(A)(v).

**IT IS FURTHER RECOMMENDED** that the claims of Florita Lee, Megan Beard, Autumn Whatley, Christine Killinger and  Latonya Waters should be dismissed without prejudice so that their clams may proceed to arbitration.  The claims of Shylah Shewmake, Mary Ann Girgis, Tiffany Hinch, and  Ebony Murreld should remain pending before this Court.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by F.R.C.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, 79 F.3d. 1415 (5th Cir. 1996).

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 17th day of September, 2012, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

G.Roaix
Copy sent: ~~J. Benoit~~ (Trimble)
On: 9-17-2012
By: MBD